NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 09-3868 & 09-4229
_____

OLADIMEJI A. BAMIGBADE,
                                        Appellant

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY;
JOHN CODICHINI

_____

On Appeal from the United States District Court
for the District of New Jersey
D.C. Civ. No. 09-cv-00528
(Honorable Peter G. Sheridan)

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 6, 2010
Before:  SCIRICA, JORDAN and VANASKIE, Circuit Judges.

(Filed: August 9, 2010)
_____

OPINION OF THE COURT
_____

PER CURIAM.

Oladimeji Bamigbade appeals pro se from the orders of the District Court

dismissing his claims against State Farm Mutual Automobile Insurance Company and

John Codichini as time-barred by the statute of limitations and denying his motion for reconsideration. For the reasons that follow, we will affirm both orders.

I.

On April 3, 2005, a motor vehicle accident occurred in New Jersey between Bamigbade and Defendant Codichini. Codichini is insured by Defendant State Farm Mutual Insurance Company ("State Farm"). Codichini is a resident of Pennsylvania, and Bamigbade has addresses in New York and New Jersey; State Farm does business in all three states. On March 11, 2008, Bamigbade filed a complaint against Defendants in the United States District Court for the Eastern District of New York. The complaint was dismissed without prejudice based on improper venue.

On February 5, 2009, Bamigbade filed a complaint against Defendants in the United States District Court for the District of New Jersey. He brought claims against Codichini for negligence and reckless endangerment "as a proximate result" of the April 2005 accident, and he sought compensatory damages against State Farm pursuant to an "Insured Policy" that he claims entitled him to $500,000.00. The complaint also included a demand for punitive damages. Bamigbade filed a motion for a default judgment, and Defendants filed a motion to dismiss or in the alternative for a more specific statement. On August 12, 2009, the District Court heard oral argument.[1] By order entered August

_____

[1]Only Defendants were present at the oral argument. On June 29, 2009, Bamigbade filed a letter to the District Court, stating that he waived his right to be present at the argument.

12, 2009, the District Court dismissed Bamigbade's claims against Defendants as time barred by the New Jersey statute of limitations, N.J. Stat. Ann. § 2A:14-2. The court denied as moot Defendants' motion to dismiss and Bamigbade's motion for default judgment. Bamigbade moved for reconsideration, which the court denied. Bamigbade now appeals from the District Court's orders.

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. In determining whether a district court properly dismissed a complaint under Fed. R. Civ. P. 12(b)(6), this Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). The assumption of truth does not apply, however, to legal conclusions couched as factual allegations or to "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Id.

We agree with the District Court's analysis regarding the timeliness of Bamigbade's claims. A complaint may properly be dismissed for failure to state a claim on statute of limitations grounds if the untimeliness of the complaint is apparent on its

3

face.  See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.1 (3d Cir. 1994).  Because the accident occurred in New Jersey, the applicable statute of limitations is that governing personal injury claims in New Jersey.  Fu v. Fu, 733 A.2d 1133, 1152 (N.J. 1999).  Therefore, Bamigbade had two years from the time his cause of action accrued to file his complaint.  See N.J. Stat. Ann. § 2A:14-2.  Bamigbade's complaint alleges that his claims against the Defendants arose out of an accident that occurred on April 3, 2005.  However, he did not file a complaint until March 11, 2008, at the earliest.  Bamigbade's reliance on a contract claim against State Farm (subject to a six-year statute of limitations period, see N.J. Stat. Ann. § 2A:14-1) is misplaced, as he never entered into any insurance policy or contract with State Farm.  Accordingly, Bamigbade's claims are untimely, and the District Court properly dismissed his amended complaint on that basis.

### III.

For the foregoing reasons, we will affirm the orders of the District Court dismissing Bamigbade's complaint and denying his motion for reconsideration.  Bamigbade's motion to overturn or reverse the District Court order is denied.  Bamigbade's motion to expedite the appeal is denied as moot.